IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**BEN WEISFELD**                                                                                        **PLAINTIFF**

**V.**                                                                                     **NO. 3:22-CV-267-DMB-RP**

**CHANDRA CAPITAL LLC**                                                **DEFENDANT**

**ORDER**

On December 6, 2022, Ben Weisfeld filed a complaint in the United States District Court for the Northern District of Mississippi against Chandra Capital LLC, asserting violations of the Americans with Disabilities Act. Doc. #1. Weisfeld served a copy of a summons and the complaint on Chandra on December 20, 2022. Doc. #3. The Clerk of Court notified Weisfeld that Chandra was in default on January 24, 2023. Doc. #4.

Three days later, on January 27, 2023, the Clerk entered default against Chandra on Weisfeld's motion.[1] Doc. #6. The same day, Chandra moved "for additional time until February 16, 2023 to respond to the Complaint." Doc. #9. Subsequently, Weisfeld moved to set aside the default, representing that "[a]fter [his] filing of his default request but before the Clerk's entry of Default, counsel for [Chandra] contacted [his] counsel about additional time to file an answer" and he "has no objection to [Chandra's] request." Doc. #10.

Federal Rule of Civil Procedure 55(c) provides that a court "may set aside an entry of default for good cause." "To decide if good cause exists, courts consider three non-exclusive factors: whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *Koerner v. CMR Constr. & Roofing, L.L.C.*, 910 F.3d 221, 225 (5th Cir. 2018) (internal quotation marks omitted). "[T]he decision to set

---

[1] Doc. #5.

aside a default is committed to the sound discretion of the trial court." *Moreno v. LG Elecs., USA Inc.*, 800 F.3d 692, 698 (5th Cir. 2015).

Because there is no indication the default was willful and because Weisfeld will not be prejudiced since he requested the default be set aside, good cause exists to set aside the default. Accordingly, the motion to set aside the default [10] is **GRANTED**. The January 27, 2023, entry of default [6] is **SET ASIDE**. The motion for extension [9] is **GRANTED** as unopposed. Chandra's deadline to answer the complaint is extended through and until February 16, 2023.

**SO ORDERED**, this 1st day of February, 2023.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**